UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>DAVID REED GRAHAM,<br><br>　　Defendant.<br><br>and<br><br>IDAHO TRANSPORTATION DEPARTMENT,<br><br>　　Garnishee. | Case No. 4:04-cr-00069-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Pending before the Court is Defendant David Reed Graham's Claim of Exemption and Request for Hearing, which seeks to partially exempt property under Idaho law that is sought by the Government. (Dkt.25). The Government objects to both the exemption and the hearing. (Dkt. 26). For the reasons explained below, the Court will deny the claim of exemption and the request for a hearing.

# BACKGROUND

The Court entered a Criminal Judgment against Graham on June 14, 2004, finding him guilty of Bank Larceny. *Judgment* at 1, Dkt. 11. The Court sentenced Graham to five

years of probation and ordered him to pay $69,621.66 in restitution. *Id.* at 2. The Court ordered Graham to pay the full amount of the restitution immediately, and any amount not paid immediately was to be paid in monthly installments as established by the probation officer. *Id*. at 5. As of September 15, 2017, Graham has an outstanding balance of $41,741.47.

On September 15, 2017, and pursuant to 28 U.S.C. § 3205(b)(1) of the criminal judgment entered against Graham, the Government filed an Application for Writ of Garnishment directed to the Idaho Transportation Department ("ITD"), seeking to recover a surcharge of 10% of the amount of the current outstanding debt. *Motion for Order for Writ of Continuing Garnishment* at 2, Dkt. 19. The writ was filed because "[t]he Garnishee owes money or property to the Defendant. Further, the Garnishee possesses or will possess property in which the Defendant has a substantial, nonexempt interest." *Id*.

On November 2, 2017, the Court ordered a Writ of Continuing Garnishment. *Writ of Continuing Garnishment* at 1, Dkt. 20. On November 7, 2017, the Clerk of Court issued a Writ of Continuing Garnishment and notified ITD of the writ with instructions that ITD must answer the writ. *Clerk's Notice and Instructions* at 1-4, Dkt. 21. On the same day, the Court also sent Graham notice of the writ's issuance along with instructions for filing objections, requesting a hearing, and requesting a transfer to the district of his residence. *See id*. On November 15, 2017, Graham received the writ, the

Clerk's notice, and other listed documents. *Plaintiff's Certification of Service* at 2, Dkt. 24.

On December 4, 2017, the Garnishee, ITD, filed an answer, indicating it held property (wages) in which Graham has an interest. *See Answer of Garnishee* at 1, Dkt. 23. The Garnishee states that Graham is an employee of the State of Idaho and paid bi-weekly. *See id*. The current pay period began on November 19, 2017 and ended December 2, 2017. *See id*. The gross pay amounted to $2,037.60. *Id.* The total of the tax withholdings (Federal Income Tax, F.I.C.A. Income Tax, and State Income Tax) amounted to $309.83. *Id.* ITD deducted an additional $138.35 for "retirement req. by law." *Id.* This additional deduction means the net wages amounted to $1589.42 for the bi-weekly pay period. *Id*. ITD anticipated making future payments to Graham on December 15, 2017, December 29, 2017, January 12, 2018, and January 26, 2018, noting however that "wages are paid bi-weekly for various amounts." *Id*. at 3.

On December 5, 2017, Graham filed the Claim of Exemptions and Request for Hearing alleging a portion of the wages at issue are exempt under Idaho Code § 11-605(11). *Claim of Exemption and Request for Hearing*, at 1, Dkt. 25. Graham also alleges that his wages were calculated wrong and requests a hearing on both issues. *Id*. On December 13, 2017, the Government filed a Response to Graham's Claim of Exemptions and Request for Hearing and argues Idaho Code § 11-605(11) does not apply, and that a hearing should be denied. *Response* at 1, Dkt. 26.

## ANALYSIS

As an initial matter, the Court notes that there is no precedent directly on point in the Ninth Circuit – likely because these types of issues are rarely appealed. However, there are a few district court cases that address this issue in a manner with which this Court agrees. Therefore, the Court will reference those cases where appropriate.

The Federal Debt Collection Procedures Act of 1990 ("FDCPA") "provides the exclusive civil procedure for the United States to recover on a debt." 28 U.S.C. § 3001; *see also United States v. Webb*, 2014 WL 2153954 at *3 (D. Ariz. May 15, 2014). The FDCPA defines "debt" to include "[a]n amount that is owing to the United States on account of … restitution…." 28 U.S.C. § 3002(3)(B); *see also United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). The FDCPA further clarifies that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

The procedures the United States must follow to collect a judgment by garnishment are provided by 28 U.S.C. § 3205. Under the FDCPA, the judgment-debtor must be given notice of the commencement and served a copy of the writ of garnishment. 28 U.S.C. § 3202(b). The United States must also serve the garnishee with a copy of the writ. 28 U.S.C. § 3205(c)(3). The copy served to the garnishee "shall be accompanied by— (A) an instruction explaining the requirement that the garnishee submit a written answer to the writ." *Id*. The copy of the writ served to the judgment debtor "shall be accompanied by— (B) instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." *Id*. "Within 20 days after

receipt of the answer, the judgment debtor…may file a written objection to the answer and request a hearing." *Id*. The party objecting bears the burden of proof. *Id*.

If a garnishment hearing is held, the issues that may be properly considered at the hearing are limited as a matter of law. *United States v. Pugh*, 75 Fed. App'x 546, 547 (8th Cir. 2003) (a hearing concerning the enforcement of a judgment is limited to circumstances where the debtor has claimed a probable validity of an exemption, challenged compliance with statutory requirements, or the judgment has been obtained in default.) Section 3202(d) provides, in relevant part:

> The issues at such hearing shall be limited—
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
>
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

In this case, the order of restitution was not the result of a default; rather, it was imposed based on a plea agreement with representation by counsel and due process of law. This limits the scope of any restitution garnishment hearing to the probable validity

of an exemption and the Government's compliance with the statutory requirements for the garnishment process. Graham has not claimed that the Government failed to comply with the statutory requirements for the garnishment process. Further, the notice issued by the clerk is substantially in the form required by 28 U.S.C. § 3202(b), (Dkt. 21), the Government properly served Graham with the documents required by 28 U.S.C. §§ 3202(c) and 3205(c)(3), (Dkt. 24), and Graham clearly received actual notice of the writ, because he returned the request for hearing form which was attached to the clerk's notice. (Dkt. 25). Therefore, the only issue before the Court is whether Idaho Code § 11-605(11) is a valid exemption under federal law.

The exemptions that apply to a collection of a restitution debt are also limited as a matter of law. *See* 18 U.S.C. § 3613(a).[1] Section 3613(a) limits the exemptions that apply to the collection of restitution to certain stated exemptions in the Internal Revenue Code at 26 U.S.C. § 6334(a) and the provisions of section 303 in the Consumer Credit Protection Act. Section 3613(a)(2) of Title 18 of the United States Code specifically

---

[1] 18 U.S.C. § 3613. Civil remedies for satisfaction of an unpaid fine.
 (a) **Enforcement**.--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
  **(1)** property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986 shall be exempt from the enforcement of the judgment under Federal law;
  **(2)** section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
  **(3)** the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

states that the exemptions in 28 U.S.C. § 3014 do *not* apply. Section 3014 allows a debtor to elect to exempt property under Federal or State law. *See* 28 U.S.C. § 3014(a). Therefore, Idaho Code § 11-605(11) does not apply because it is a State law exemption and not an enumerated exemption in 18 U.S.C. § 3613(a).

Additionally, a hearing is not required because Graham has not raised a valid claim of exemption. The party objecting bears the burden of proving the probable validity of a claim of exemption in order to have a hearing. *See* 28 U.S.C. § 3205(c)(5). "Although the [FDCPA] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Bruneau*, 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013) (quoting *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008)). That is the case here. Graham has not met this burden because the claim at issue is an exemption under State law, which makes the objection without merit.

Finally, Graham makes a claim that ITD has incorrectly stated the amount of disposable income, but offers no evidence in support of this claim. Graham did not state how the income was incorrectly calculated, or what the actual amount should have been. The Court did not find any errors in the calculation of the income by ITD. Graham has not provided enough to justify a hearing on the matter. For that reason, along with the

reasoning above, the Court will deny Defendant's Claim of Exemption and Request for Hearing and allow the Garnishment to proceed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. Defendant's Claim of Exemption and Request for Hearing (Dkt. 25) is **DENIED**.

DATED: March 12, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge