UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID REED GRAHAM,<br><br>Defendant,<br><br>and<br><br>THE AMALGAMATED SUGAR COMPANY, LLC,<br><br>Garnishee. | Case No. 4:04-cr-00069-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the United States' Motion for Order of Garnishment and for Ruling on Defendant David Reed Graham's Sealed Letter. *See* Dkts. 33, 37. For the reasons explained below, the Court will grant the Government's motion.

## BACKGROUND

The Court entered a criminal judgment against Graham on June 14, 2004, finding him guilty of bank larceny. *Jdgmt.*, Dkt. 11. The Court sentenced Graham to five years' probation and ordered restitution in the amount of $69,621.66. The

Judgment states that the full amount of restitution was due immediately, but then goes on to provide that any amount not paid immediately will be paid in monthly installments as established by the probation officer. *Id.* at 5. Notably, however, the Judgment provides that the probation officer could modify the monthly payment during the term of probation, "*provided that the entire financial penalty is paid no later than the termination of the term of probation.*" *Id*. at 3 (emphasis added).

Mr. Graham's term of probation ended in July 2009. The Government indicates that Mr. Graham still owes $31,193.71 in restitution.

On October 8, 2020, the Government filed an Application for Writ of Garnishment directed to The Amalgamated Sugar Company, LLC. The Application indicated that Mr. Graham is an employee of Amalgamated Sugar, meaning that the company "thus owes money or property to Defendant." Dkt. 31, at 2.

On October 31, 2020, the Court issued a Writ of Continuing Garnishment and notified Amalgamated Sugar of the writ and provided instructions for answering the writ. *See* Dkt. 32. Amalgamated Sugar filed its answer, which indicates that Graham is a fulltime, permanent employee, paid "semi-monthly" with after-tax wages of $1,619.64. Dkt. 36, at 1-2. Amalgamated Sugar mailed a copy of its answer to Graham on November 19, 2020.

MEMORANDUM DECISION AND ORDER - 2

Even before Amalgamated Sugar filed its answer, Graham sent a letter to the Court regarding the Government's request. The Court will construe this letter as a pro se objection to the garnishment. The Court will deny that objection.

As the government points out, Graham has not raised a valid challenge to the garnishment, nor does he request a hearing. Valid challenges to a garnishment, and the issues addressed in a hearing under 28 U.S.C. § 3202, are limited to: (1) the probable validity of any claim of exemption by the judgment debtor; (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) other issues if and only if the judgment is by default. *See* 28 U.S.C. § 3202(d); *United States v. Graham*, Case No. 4:04-cr-00069-BLW, 2018 WL 1278188, at *2 (D. Idaho Mar. 12, 2018). Graham does not raise any such challenges. Rather, in his letter, Graham says the probation officer told him that garnishment would not occur if he made monthly payments. Significantly, however, even assuming for the sake of argument that the probation officer could prevent garnishment, the judgment granted the probation officer discretion to modify the amount of monthly payments during the term of probation and *provided* that the full amount of the judgment was paid within the term of probation. It was not. As such, Graham cannot successfully rely on his alleged interactions with his probation officer.

MEMORANDUM DECISION AND ORDER - 3

Otherwise, in response to Graham's request for an accounting, the Government provided a payment history for Mr. Graham, an explanation as to how the amounts are disbursed, and an offer to provide more information, if Mr. Graham so requests. *See Nov. 23, 2020 Gvt. Response,* Dkt. 35, at 6. Mr. Graham has not replied to that statement.

On this record, the Court will overrule Graham's objection, grant the Government's motion, and allow the garnishment to proceed as the Government requests, in all respects.

## ORDER

**IT IS ORDERED that:**

1. Defendant's letter to the court, construed as a pro se objection to the Application for a Writ of Garnishment (Dkt. 33), is **DENIED.**

2. The Government's Motion for Order of Garnishment and Ruling on Defendant's Sealed Letter (Dkt. 37) is **GRANTED.**

3. The Government shall submit a proposed garnishment order.

DATED: March 18, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4